UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TITUS HENDERSON,

               Plaintiff,

v.

CALEB ZITEK, TRISTAN RETZLAFF, ANTHONY MELI, ALEX BONIS, DAVID YANG, JOSHUA GOMM, GREGORY FRIEDEL, JOHN KIND, DREW WEYCKER, ANTHONY MATUSHAK, RYAN BAUMANN, ALEJANDRA MEJIA, WILLIAM SWEIKATOWSKI, JAY VAN LANEN, MICHAEL NEVEU, ALAN DEGROOT, and ANDREW WICKMAN,

               Defendants.

Case No. 22-CV-884-JPS

**ORDER**

**1.    BACKGROUND**

Plaintiff, Titus Henderson, a prisoner confined at Green Bay Correctional Institution, brings this action under 42 U.S.C. § 1983 pro se. On May 5, 2022, the Honorable James D. Peterson of the Western District of Wisconsin screened Plaintiff's complaint and allowed certain claims to proceed. ECF No. 16. The case was transferred to the Eastern District of Wisconsin and to the undersigned on August 4, 2022. The parties have filed opposing cross-motions seeking sanctions up to default or dismissal of this action. Currently, the pending motions include: Plaintiff's motion for default judgment of adverse inference based on the spoliation of evidence,

ECF No. 43; Plaintiff's motion for a temporary restraining order and injunction, ECF No. 44; Defendants' motion for partial summary judgment based on exhaustion, ECF No. 49; Defendants' motion for sanctions, ECF No. 59; Plaintiff's motion for a *Pavey* hearing and motion for partial summary judgment, ECF No. 96; Plaintiff's motion for relief from judgment and motion for default judgment, ECF No. 106; and Plaintiff's motion for an extension of time to file an opposition brief, ECF No. 110.

On January 29, 2024, the Court set an evidentiary hearing for March 5, 2024. ECF No. 101. In that order, the Court acknowledged the February 14, 2024 evidentiary hearing before Judge Peterson in four related cases in the Western District, Case Nos. 19-CV-264-JDP, 21-CV-346-JDP, 21-CV-347-JPD, and 21-CV-562-JDP (the "related cases"), and instructed the parties to submit written argument if they believed the hearing in this case could be combined or otherwise avoided. *Id.* On February 7, 2024, Defendants submitted a response, indicating their preference to stay the hearing to determine whether issue preclusion can be applied. ECF No. 102. Based on that guidance, on February 16, 2024, the Court vacated the evidentiary hearing in an effort to preserve judicial resources. ECF No. 105. The Court instructed the parties to file additional briefing within sixty days of Judge Peterson's decision in the related cases and what affect, if any, the decision should have on this case. *Id.* The Court also ordered Defendants to provide a transcript of the hearing with any additional briefing. *Id.*

On May 16, 2024, Defendants filed a brief in support of dismissal based on issue preclusion. ECF No. 107. On June 18, 2024, the Court granted Defendants' motion for leave to belatedly file the transcript of the February 14, 2024 hearing before Judge Peterson. ECF No. 109. On July 1, 2024, Plaintiff filed a motion for an extension to file a brief in opposition; the

Court belatedly grants this motion. ECF No. 110. On July 23, 2024, Plaintiff filed his brief in opposition to dismissal based on issue preclusion. ECF No. 111. On July 25, 2024, Defendants filed a reply brief. ECF No. 112. On August 15, 2024, Plaintiff filed an unauthorized surreply. ECF No. 113.

The Court briefly addresses Plaintiff's surreply. The Court's local rules do not provide for surreplies. *C.f. Pike v. Caldera*, 188 F.R.D. 519, 537 (S.D. Ind. 1999) (noting that the United States District Court for the Southern District of Indiana has a local rule allowing for sur-replies when there are new arguments or evidence presented in a reply brief). Moreover, Plaintiff failed to seek leave to file his surreply. Additionally, and more importantly, Plaintiff does not allege, and the Court does not find that Defendants proposed new material facts or evidence in their reply brief that would warrant a surreply. *See Walker v. Green Bay Corr. Inst. Health Servs. Unit*, No. 16-C-1331, 2018 WL 3118298, at *2 (E.D. Wis. June 25, 2018). As such, the Court will not consider Plaintiff's unauthorized surreply.[1]

As such, Defendants' request to dismiss the case based on issue preclusion is now briefed and ready for disposition. As discussed below in detail, the Court finds that issue preclusion applies, and the Court will therefore grant Defendants' motion for sanctions and dismiss this case with prejudice.

**2.    ISSUE PRECLUSION**

Defendants argue that the Court should apply issue preclusion and dismiss this case, without holding its own evidentiary hearing, because the issue of Plaintiff's false accusations are the same here as those that were

---

[1] The Court notes that, in any event, Plaintiff previously raised the issue of new evidence in his opposition. The Court addresses this argument in detail below.

Page 3 of 14

Case 2:22-cv-00884-JPS    Filed 08/30/24    Page 3 of 14    Document 115

litigated in the related cases and that resulted in the final judgment in those cases. ECF No. 107 at 3. Judge Peterson held an evidentiary hearing in the related cases on February 14, 2024, and issued a decision, granting Defendants' motion for sanctions and dismissing the cases with prejudice, on March 26, 2024. *See Henderson v. Frank*, No. 19-CV-264-JDP, 2024 WL 1282783 (W.D. Wis. Mar. 26, 2024). Plaintiff argues that issue preclusion does not apply in this case for a number of reasons that the Court addresses in detail below. ECF No. 111.

"Under the doctrine of collateral estoppel (also known as issue preclusion), once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *See Our Country Home Enters., Inc. v. Comm'r of Internal Revenue*, 855 F.3d 773, 782 (7th Cir. 2017) (internal citations omitted). Collateral estoppel constraints, as a matter of federal law, apply only when: "'(1) the issue sought to be precluded [is] the same as that involved in the prior litigation, (2) the issue must have been actually litigated, (3) the determination of the issue must have been essential to the final judgment, and (4) the party against whom estoppel is invoked must [have been] fully represented in the prior action.'" *Grede v. FCStone, LLC*, 867 F.3d 767, 776 (7th Cir. 2017) (quoting *Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011)) (citation omitted).

As described by the United States Supreme Court, issue preclusion "protects ... adversaries from the expense and vexation of multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *See Montana v. United States*, 440 U.S. 147, 153–54 (1979). As aptly put by another court, without

issue preclusion, "[r]elative certainty would be replaced by chaos." *See Palma v. Powers*, 295 F. Supp. 924, 937 (N.D. Ill. 1969). The "'principle is simply that later courts should honor the first actual decision of a matter that has been actually litigated.'" *Stewart v. JPMorgan Chase Bank, N.A.*, No. 23-CV-3731, 2024 WL 554281, at *12 (N.D. Ill. Feb. 12, 2024) (quoting 18 Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 4416 (3d ed. 2023)).

In *Jackson v. Murphy*, 468 F. App'x 616 (7th Cir. 2012), the Seventh Circuit applied issue preclusion in a case with a similar procedural history as this case. There, the plaintiff was a pro se prisoner suing prison officials under 42 U.S.C. § 1983. *Id.* at 617. At the outset, the district court split the plaintiff's two sets of claims into two lawsuits that proceeded simultaneously. *Id.* The defendants moved for summary judgment in the first case and partial summary judgment in the second, arguing that Plaintiff did not exhaust his administrative remedies under the Prison Litigation Reform Act. *Id.* at 618. The district court held an evidentiary hearing in the first case and found that Plaintiff had backdated a document, that he swore under penalty of perjury in an affidavit, was a timely grievance. *Id.* The district court accordingly dismissed the case for Plaintiff's failure to exhaust. *Id.* In the second case, the district court (same judge) did not hold a separate evidentiary hearing and instead took "judicial notice" of the finding from the first case that Plaintiff had not timely grieved his injuries and dismissed those claims without prejudice. *Id.* As to the remaining claims, the district court granted the defendants' motion for sanctions based on the plaintiff's falsification of documents and lying to the court and dismissed the case. *Id.*

On appeal, the Seventh Circuit affirmed the dismissal on another ground. *See id.* at 619. While the court noted that the factual findings made at an evidentiary hearing are generally not subject to judicial notice, it nonetheless found that the district court was not wrong to adopt its findings about exhaustion because it "properly precluded [the plaintiff] from relitigating an issue that it already had decided." *Id.* The court found that "'[c]ollateral estoppel (issue preclusion) will bar relitigation of the grounds on which the present suit was dismissed.'" *Id.* (quoting *Robinson v. Sherrod*, 631 F.3d 839, 843 (7th Cir.2011). Specifically, it held that the district court properly precluded relitigation of the plaintiff's exhaustion arguments, even though it had mislabeled its action as judicial notice. *Id.*

Here, the Court finds that all four factors are met to warrant issue preclusion in this case. First, the issue in this case is the same issue that Judge Peterson decided in the related cases. Significantly, Defendants filed identical motions for dismissal as a sanction in the related cases as the motion at issue here. *See* ECF No. 59 at 2 n.1. Defendants sought dismissal based on: (1) Plaintiff lying at a deposition in the Western District Case No. 21-CV-56; and (2) Plaintiff lying in each of his declarations in the related cases and this case. *Id.* at 9. Along with the motions, Defendants submitted evidence to disprove Plaintiff's allegations, including video evidence to show the assistant attorneys general were not at Plaintiff's cell front on April 5, 2023. *Id.* at 10.

Judge Peterson summarized the sanctions dispute as two issues: "(1) whether the assistant attorneys general ordered confiscation or destruction of the property; and (2) whether [Plaintiff] fabricated his allegations against the assistant attorneys general and other staff." *Henderson*, 2024 WL 1282783, at *3. In the written decision, Judge Peterson

found that it "strains credulity to think that a team of Department of Justice attorneys would order prison staff to destroy a prisoner's legal materials, and [Plaintiff] presents no credible evidence to support that assertion." *Id.* at *4. He therefore concluded that Plaintiff "knowingly made false statements that several officers told him about the conspiracy to harm him. He also falsely stated in his first declaration that his underlying statements were based on his personal observation and video evidence." *Id.* Additionally, he found Plaintiff made other statements that were reckless and not supported by any evidence. *Id.* ("The evidence here clearly shows that [Plaintiff] recklessly accused the DOJ attorneys of serious misconduct without any evidence supporting that accusation."). Based on this, the Court finds that Judge Peterson's decision in the related cases addressed the same issue as the issue present here, and Plaintiff makes no argument that the issues are not the same. As such, the Court finds that the first factor of issue preclusion is met.

Second, the Court finds that the issue at hand was actually litigated in the related cases. Prior to the evidentiary hearings, the parties each submitted documents in support of their respective positions of sanctions against the other party. *See id.* at *1. Afterwards, Judge Peterson determined that an evidentiary hearing was necessary, and he directed the parties to submit specific documents and information in preparation for the hearing. *Id.* At the hearing, Plaintiff testified on his own behalf and Defendants called Attorneys Paulson, Remington, and Simcox, and prison officials Whiting, Cushing, DeGroot, Mejia, Cortes, Reignier, and property room officer Randy Fisher. *Id.* *2. The hearing lasted for over two and a half hours and Judge Peterson asked detailed questions following the witness testimony. *See* ECF No. 108-2. Following the hearing, Judge Peterson wrote

Page 7 of 14

Case 2:22-cv-00884-JPS   Filed 08/30/24   Page 7 of 14   Document 115

a through decision, determining that Plaintiff had knowingly made false statements, among other things, granted Defendants' motion for sanctions, and dismissed the related cases. *See Henderson*, 2024 WL 1282783, *1–5.

Plaintiff argues that Judge Peterson's evidentiary hearing violated his right to cross examine witnesses because it was held via Zoom rather than in person. The Court disagrees. Plaintiff provides no viable legal support for his assertion; the Sixth Amendment applies to criminal cases and is not applicable here. As the technology has become more common, district courts have held evidentiary hearings via Zoom. *See, e.g., Collins v. Surprise*, No. 21-CV-237-BBC, 2022 WL 756877, at *3 (W.D. Wis. Feb. 25, 2022) (ordering Zoom evidentiary hearing on exhaustion issue); *French v. Hannula*, No. 19-CV-503-WMC, 2021 WL 1721598, at *1 (W.D. Wis. Apr. 30, 2021) (Zoom evidentiary hearing on exhaustion issue); *Ford v. Matushak*, No. 19-CV-1005, 2020 WL 3798868, at *1 (E.D. Wis. July 6, 2020) (same). Further, in the trial context, the Seventh Circuit has found that, a "judge has discretion to allow live testimony by video for 'good cause in compelling circumstances and with appropriate safeguards.'" *See Thomas v. Anderson*, 912 F.3d 971, 977 (7th Cir. 2018) (quoting *Thornton v. Snyder*, 428 F.3d 690, 698 (7th Cir. 2005)). Plaintiff also generally argues that his case was not fully litigated because Defendants could not see the exhibits on Zoom to answer questions during cross-examination. However, the Court is not convinced; it has reviewed the hearing transcript and Plaintiff successfully cross-examined witnesses to get his points across. The Court therefore does not find that the Zoom hearing negated Plaintiff's opportunity to actually litigate his issue in the related cases. As such, the Court finds the second factor for issue preclusion is met.

Third, the Court finds that Judge Peterson's determination that Plaintiff made false statements to the court was essential to the final judgment. There is no doubt that Judge Peterson's decision led to the ultimate dismissal and final judgment in the case. Upon finding that Plaintiff knowingly lied and made statements without any reasonable support for being true, Judge Peterson granted Defendants' motion for sanctions, dismissed the related cases, and directed the clerk of court to enter judgment. *See Henderson*, 2024 WL 1282783, at *5. As such, the Court finds the third factor for issue preclusion is met.

Fourth, the Court finds that Plaintiff was fully represented in the prior action. Plaintiff contends that he was deprived of counsel for the hearing before Judge Peterson. While the word 'represented' may understandably suggest that counsel is required for this factor, a "litigant's *pro se* status in the prior suit or the current one does not insulate him from the collateral estoppel doctrine." *United States v. Luna*, No. 17 CV 1472, 2019 WL 1098936, at *4 (N.D. Ill. Mar. 8, 2019) (citing *DeGuelle v. Camilli*, 724 F.3d 933, 938 (7th Cir. 2013)); *see also Jackson*, 468 F. App'x at 619 (applying issue preclusion in a pro se case). As such, the Court finds that the fourth factor for issue preclusion is met.

Finally, the Court briefly addresses Plaintiff's contention that newly discovered evidence should preclude issue preclusion. *See* ECF No. 111 at 5–6. Courts have found that a "party may avoid collateral estoppel by showing that newly discovered evidence was essential to a proper decision in a prior action … and that he was in no way responsible for the lack of such evidence in the prior action." *See, e.g., Luna*, 2019 WL 1098936, at *4 (internal quotations omitted). Plaintiff has not met this high burden. Plaintiff argues that there is newly discovered evidence that he *will* produce

from a Brown County prosecutor and detective from his latest criminal case, *Wisconsin v. Henderson*, Brown County Case No. 23-CF-1156. He asserts these witnesses are willing to provide testimony that Defendants and correctional officers lied about not destroying his legal property; however, he does not provide any support for this assertion aside from his own declaration filed with the surreply. *See* ECF No. 114. Further, given the timeline of Plaintiff's July 2023 criminal case, it remains unclear why this evidence was not available or addressed at the February 14, 2024 evidentiary hearing. As such, the Court does not find that Plaintiff's alleged newly discovered evidence meets the high burden to avoid issue preclusion.

In sum, the Court finds that issue preclusion applies; Plaintiff had the opportunity to fully litigate this issue before Judge Peterson in the related cases and he "doesn't get a do-over before this Court." *See Stewart*, 2024 WL 554281, at *12. Although the procedural posture of this case is somewhat unusual, the Court likens this case to the Seventh Circuit's reasoning in *Jackson* where an evidentiary hearing was held at the district court level in one case and issue preclusion applied in the second related case with no hearing needed. *See* 468 F. App'x at 619. As such, the Court finds that no evidentiary hearing is necessary in this case based on Judge Peterson's thorough decision and findings that Plaintiff knowingly made false statements and made other statements without any reasonable support for them being true. This is sanctionable conduct, and the Court will therefore grant Defendants' motion for sanctions and deny Plaintiff's competing motion. *See Henderson*, 2024 WL 1282783, *4 (citing *Mach v. Will Cnty. Sheriff*, 580 F.3d 495, 501 (7th Cir. 2009); *Egan v. Pineda*, 808 F.3d 1180, 1180 (7th Cir. 2015); *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1185 (7th Cir.

1992)). The Court now turns to the question of what sanction is appropriate in this case based on Plaintiff's misconduct.

### 3. SANCTIONS

Defendants seek dismissal of this action as the appropriate sanction for Plaintiff's misconduct. ECF Nos. 59 at 10–12, 107 at 11. "A district court has inherent power to sanction a party who 'has willfully abused the judicial process or otherwise conducted litigation in bad faith.'" *Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015) (quoting *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009)). The Court agrees with Judge Peterson's thoughtful analysis and finds that dismissal of this case with prejudice and a limited filing bar is the only appropriate sanction to deter Plaintiff's further abuse of the judicial process.

Plaintiff "is an experienced and relatively sophisticated pro se litigant who has filed 23 cases in [the Western District of Wisconsin] and 8 in the Eastern District of Wisconsin, with most of those coming in the last several years." *Henderson*, 2024 WL 1282783, *5. He has already "struck out" under 28 U.S.C. § 1915(g) by bringing lawsuits or appeals that were dismissed because they were frivolous or malicious or they failed to state a claim upon which relief may be granted. *Id.* Judge Peterson found that, based on Plaintiff's recent financial information, Plaintiff was already effectively barred from filing non-imminent danger cases. *Id.* Judge Peterson also noted that he had previously sanctioned Plaintiff for repeatedly filing lawsuits naming dozens of defendants concerning multiple unrelated series of events. *Id.* He found that Plaintiff's "repeated misconduct drains the resources of the court, the Wisconsin Department of Justice, and the Department of Corrections." *Id.*

Based on this history, Judge Peterson concluded that the only effective sanction would be to "fully bar [Plaintiff] from litigating civil rights lawsuits for a period of time." *Id.* This Court agrees. As such, the Court will impose the same sanction that Judge Peterson imposed in the related cases. First, this case will be dismissed with prejudice for Plaintiff's misconduct and abuse of the judicial process. Second, the Court will impose a two-year filing bar in the Eastern District of Wisconsin that does not include an imminent-danger exception. *Id.* (citing *Lindsey v. Hoem*, No. 19-3278, 2020 WL 1514856 (7th Cir. Mar. 30, 2020). The only new civil cases that Plaintiff may file in the Eastern District of Wisconsin are habeas corpus petitions relating to his criminal convictions; the Clerk of Court shall return unfiled any other new civil cases that Plaintiff seeks to file for a period of two (2) years from the entry of this Order.

4. **CONCLUSION**

In sum, the Court finds that issue preclusion applies in this case and based on Judge Peterson's findings of Plaintiff's misconduct, the Court therefore grants Defendants' motion for sanctions. The Court further finds that the appropriate sanction is dismissal of this case with prejudice and a limited filing bar in this district. The Court will accordingly deny Plaintiff's motion for sanctions (motion for default judgment of adverse interest based on spoliation of evidence) and will deny all remaining motions as moot.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for default judgment of adverse interest based on spoliation of evidence, ECF No. 43, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Defendants' motion for sanctions, ECF No. 59, be and the same is hereby **GRANTED**;

Page 12 of 14

Case 2:22-cv-00884-JPS    Filed 08/30/24    Page 12 of 14    Document 115

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED with prejudice** as a sanction for Plaintiff's misconduct;

**IT IS FURTHER ORDERED** that Plaintiff be and the same is hereby **BARRED** for a period of two (2) years from the entry of this Order from filing any new civil cases in the Eastern District of Wisconsin except for habeas corpus petitions relating to his criminal convictions; the Clerk of Court shall **RETURN UNFILED** to Plaintiff any other new civil case filings;

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of time, ECF No. 110, be and the same is hereby **GRANTED**; Plaintiff's opposition brief was timely; and

**IT IS FURTHER ORDERED** that the parties' remaining motions, ECF Nos. 44, 49, 96, 106, be and the same are hereby **DENIED as moot**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of August, 2024.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

> This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case